STEENIS and others, Appellants, vs. CITY OF APPLETON, Respondent.

*February 6—March 7, 1939.*

The cause was submitted for the appellants on the brief of *Sarto Balliet* of Appleton, and for the respondent on that of *Harry P. Hoeffel* of Appleton.

ROSENBERRY, C. J.   A number of questions are raised upon the appeal.   Plaintiffs contend that they have a right to show the true consideration for the conveyance; that the consideration was in fact an agreement to remove, restore, and maintain the log cabin as alleged in the complaint.   We are unable to find in the complaint any allegation to the effect that the city of Appleton ever executed a contract in manner and form as required by law.   The allegation of the complaint is that the city of Appleton approved the agreement dated September 20, 1935.   The only agreement executed on September 20, 1935, is the quitclaim deed hereinbefore set out.   It is nowhere alleged that the agreement between the plaintiffs and the agents of the city of Appleton respecting relocation of the cabin as an historical landmark was ever presented to the council and approved by it and its officers authorized to execute it.   However, if it should be held that the contract is duly executed, pursuant to authority legally conferred upon the officers, the plaintiffs still may not recover.   It is apparent that the consideration for the transfer of the cabin in question was the agreement of the city to restore, keep, and maintain the cabin as an historical landmark.   The title to the property was conveyed to the city absolutely without condition or reverter.   The transactions as set out in the complaint undoubtedly created a charitable trust if validly executed. Restatement, Trusts, § 348, defines a charitable trust as follows:

"A charitable trust is a fiduciary relationship with respect to property arising as a result of a manifestation of an intention to create it, and subjecting the person by whom the

property is held to equitable duties to deal with the property for a charitable purpose."

The maintenance of a cabin as an historical landmark was no doubt intended to accomplish a benefit to the community at large. This is a charitable purpose. See Restatement, Trusts, §§ 368, 374.

Sec. 391, comment *e,* is as follows:

"A suit for the enforcement of a charitable trust cannot be maintained by the settlor or his heirs or personal representatives as such."

Sec. 392 provides:

"The remedies for the failure of the trustees of a charitable trust to perform their duties under the trust are exclusively equitable."

There being no express provision for reverter, in the event of the failure of the trust, which is given for a public purpose, none can be implied. *Maxcy v. Oshkosh* (1910), 144 Wis. 238, 128 N. W. 899, 128 N. W. 1138. It is apparent that the plaintiffs cannot maintain an action for a money judgment under the facts alleged in the complaint.

*By the Court.*—Order affirmed.